ERNEST JOBMAN, Respondent, v. T. HOGAN & SONS, INC.,
Appellant.

*Negligence — action to recover for injury to workman on steamer through swinging of hatch beam while being hoisted.*

*Jobman* v. *Hogan & Sons, Inc.,* 216 App. Div. 736, affirmed.

(Argued June 8, 1926; decided July 9, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 3, 1926, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. Plaintiff was employed in overseeing carpenter work on board a steamship. Defendant was a stevedore company. Its workmen were uncovering the hatches, in the course of which they used an up and down fall to remove the hatch beams. In lifting one of these large beams by the fall, it swung around and struck the door of a companionway, just as the plaintiff was about to pass through, slamming the door closed and catching his foot in the door, causing the injury complained of.

*Eli J. Blair* for appellant.

*Theodore H. Lord* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Transfer Tax upon the Estate of
EDNA WILSON, Deceased.

STATE TAX COMMISSION, Appellant and Respondent;
G. SEARING WILSON et al., as Executors, et al., Respondents and Appellants.

*Tax — transfer tax on property of non-resident decedent located in this State — deduction for funeral and administration expenses — real property prorated to payment of general legacies.*

*Matter of Wilson,* 215 App. Div. 202, affirmed.

(Argued June 9, 1926; decided July 9, 1926.)

CROSS-APPEALS from an order of the Appellate Division of the Supreme Court in the first judicial department,

entered January 15, 1926, which affirmed an order of the New York County Surrogate's Court assessing a transfer tax upon the estate of Edna Wilson, a non-resident, deceased. The appeal of the State Tax Commission is upon the ground that said order of the Surrogate's Court erroneously fixes the amount of the transfer tax under article 10 of the Tax Law for the reason that the provisions of section 221-c of said article, as added by chapter 432 of the Laws of 1922 and in effect on the date of the transfer, have been improperly construed and applied, in that deductions for debts and funeral and administration expenses were made from the real property included in the estate, whereas such deductions should have been made from personal property only. The executors and legatees have appealed on the ground that the real estate situated in the State of New York was erroneously pro-rated to the payment of the general legatees instead of being taxed to the residuary legatees.

*Seth T. Cole* and *Charles A. Curtin* for State Tax Commission, appellant and respondent.

*Harry Baer* for executors and legatees, respondents and appellants.

Order affirmed, without costs to either party; no opinion.

Concur: Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane, Andrews and Lehman, JJ.

---

Eleanor W. Rainke, Respondent, *v.* George A. Colgan, Jr., Appellant.

*Negligence — motor vehicles — guest riding in automobile injured through negligence of driver.*

*Rainke* v. *Colgan*, 216 App. Div. 820, affirmed.

(Argued June 9, 1926; decided July 9, 1926.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 27, 1926, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. The com-